UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS WHITAKER, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> TIM VIRGA, Warden, ) <br> ) <br> Respondent. ) <br> _____ ) | 1:11-cv-01680 MJS HC <br><br> ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED <br><br> ORDER DIRECTING CLERK OF COURT TO FILE PETITION AND STATUS REPORT (ECF NO. 1, 5) AS EXHIBITS IN 1:11-cv-01252-LJO -JLT <br><br> (Doc. 1.) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for murder, robbery and related charges by the Merced County Superior Court. (Pet., ECF No. 1.)

**I.   DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases; <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir.1990). Otherwise, the Court will order Respondent to respond to the petition.  Rule 5 of the Rules Governing § 2254 Cases.

### A.     Petitioner May Not Have Intended to File a New Habeas Corpus Petition

On July 29, 2011, Petitioner filed a petition for writ of habeas corpus in this court. See Whitaker v. Virga, Case No. 1:11-cv-01252-LJO -JLT (E.D. Cal., 2011)[1]. Concurrently with the petition, Petitioner filed a motion to stay the proceedings while he attempted to exhaust his state remedies with respect to claims of ineffective assistance of counsel. On September 30, 2011, the Court granted Petitioner's motion to stay the proceeding, and held the petition in abeyance while Petitioner attempted to exhaust his state remedies.

On October 5, 2011, Petitioner filed the present petition with the Court. However, the Petition appears to be a copy of a state habeas corpus petition filed with the Merced County Superior Court. Petitioner attached a declaration to the petition stating that he is requesting this Court stay his original habeas petition while he continues to pursue state court remedies.

It therefore appears that the current petition is a copy of the state court petition Petitioner was attempting to file as an exhibit in Case No. 1:11-cv-01252-LJO -JLT, the case presently stayed. To the extent that it was, the Court shall direct the Clerk of the Court to file the present petition as an exhibit in Case No. 1:11-cv-01252-LJO -JLT.

The Court's suspicion in this regard is reinforced by the December 1, 2011 status report filed in the present case. (Status Report, ECF No. 5.)  In the status report, Petitioner specifically mentions the stay in the original proceeding and the requirement to file status reports. It appears Petitioner may have intended to provide the status report to the Court in the original matter, but it was filed in this case.

If Petitioner desired the instant petition to be a status report in the original action, Petitioner may voluntarily withdraw the present petition. However, if Petitioner attempted to file the petition as a separate action, then Petitioner shall be ordered to show cause why the petition should not be dismissed for failure to exhaust or as the filing of a second or successive petition.

### B.     Failure to Exhaust State Remedies

---

[1] A court may take judicial notice of court records. See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly present" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th

<em>Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .</em>

> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Upon review of the instant petition for writ of habeas corpus, it appears that Petitioner has not presented his claims to the highest state court, the California Supreme Court. Accordingly, this Court cannot determine which, if any, of his claims have been exhausted. If Petitioner has not presented his claims to the California Supreme Court, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). It is possible, however, that Petitioner has presented his claims to the California Supreme Court and simply neglected to inform this Court. Thus, Petitioner must inform the Court if his claims have been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court, along with a copy of any ruling made by the California Supreme Court. Without knowing what claims have been presented to the California Supreme Court, the Court is unable to proceed to the merits of the petition.

### C. Second or Successive Petition

A court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). A court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new constitutional right, made retroactive by the United States Supreme Court or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. §

<em>-4-</em>

1  2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or
2  successive petition meets these requirements; the Petitioner must first file a motion with the
3  appropriate court of appeals to be authorized to file a second or successive petition with the
4  district court.

5  Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted
6  by this section is filed in the district court, the applicant shall move in the appropriate court of
7  appeals for an order authorizing the district court to consider the application." In other words,
8  Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive
9  petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must
10  dismiss any second or successive petition unless the Court of Appeals has given Petitioner
11  leave to file the petition because a district court lacks subject-matter jurisdiction over a second
12  or successive petition. Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997).

13  Because the current petition was filed after April 24, 1996, the provisions of the
14  Antiterrorism and Effective Death Penalty Act of 1996 apply to Petitioner's current petition.
15  Lindh v. Murphy, 521 U.S. 320, 327 (1997). Petitioner makes no showing that he has obtained
16  prior leave from the Ninth Circuit to file his successive petition attacking the conviction. That
17  being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief
18  under Section 2254 and must dismiss the petition. See Greenawalt, 105 F.3d at 1277. If
19  Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for
20  leave to do so with the Ninth Circuit. See 28 U.S.C. § 2244(b)(3).

21  **II.    ORDER**

22  Accordingly, Petitioner is ORDERED TO SHOW CAUSE why the petition should not
23  be dismissed for Petitioner's failure to exhaust state remedies or for being a second or
24  successive petition. Further, Petitioner is ORDERED to inform the Court what claims have
25  been presented to the California Supreme Court within thirty (30) days of the date of service
26  of this order. If Petitioner intended the present petition to be a status report in his originally
27  filed habeas petition, he may move the Court to voluntarily withdraw the petition.

28  Petitioner is forewarned that failure to follow this order will result in dismissal of the

1  petition pursuant to Local Rule 110.

2      Finally, the Court ORDERS the Clerk of Court to file a copy of this petition and the
3  status report filed on December 1, 2011 (ECF Nos. 1 and 5.) as exhibits in Case No.
4  1:11-cv-01252-LJO -JLT.

6  IT IS SO ORDERED.

7  Dated:   December 2, 2011        /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE